UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: _____

TANISHA ROBERSON, an Illinois
resident, individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

HELZBERG'S DIAMOND SHOPS, LLC
f/k/a HELZBERG'S DIAMOND SHOPS,
INC., a Missouri limited liability company,

    Defendant.
_____/

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Tanisha Roberson ("Ms. Roberson" or "Plaintiff") brings this class action against Defendant Helzberg's Diamond Shops, LLC f/k/a Helzberg's Diamond Shops, Inc. ("Helzberg" or "Defendant"), as to its "virtual try-on" feature on its website, www.helzberg.com, pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*., and alleges, based upon personal knowledge as to herself and her own acts and experiences, and on information and belief as to all other matters based upon, *inter alia*, the investigation of counsel, as follows:

## INTRODUCTION

1. This is a class action brought by an Illinois citizen against the Missouri-headquartered company Helzberg's Diamond Shops, LLC for collection without prior consent of the hand geometry data of Plaintiff and a potential class of other visitors to Helzberg's website who used the Virtual Try-On feature.

2. The Illinois General Assembly passed the Biometric Information Privacy Act of 2008, 740 ILCS § 14/1 *et seq*. ("BIPA") in response to the increasing prevalence and proliferation of collection of biometric information without prior consent.

3. BIPA recognizes that biometric information is "unlike other unique identifiers that are used to access finances or other sensitive information," in that it cannot be changed and is "biologically unique to the individual." 740 ILCS § 14/5(c). In contrast to a compromised social security number, which can be changed, an individual whose biometrics are compromised "has no recourse" and "is at heightened risk for identity theft." *Id*. The General Assembly noted that "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(e). Therefore, "[t]he public welfare, security and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(f).

4. In addition to a fingerprint or voiceprint, BIPA's definition of "biometric identifiers" includes "a scan of hand or face geometry." *Id.* § 14/10.

5. "Biometric information" is "any information, regardless of how it is captured, converted, stored, or shared, based on an individuals' biometric identifier and used to identify an individual." *Id*.

6. Through the Virtual Try-On feature, visitors to Helzberg's website—including Plaintiff and the other Class members—can view what they would look like wearing different Helzberg jewelry items, including engagement rings. All a user must do is enable his or her computer or smartphone camera to take a photo to be used by the website or upload a photo to the website.

7. But, unbeknownst to the website user—including Plaintiff and the other Class members—Defendant collects detailed and sensitive biometric identifiers and information, including complete hand geometry scans, of its users through the Virtual Try-On feature, and does so without first obtaining their consent, or informing them that this data is being collected.

8. In addition, and in direct violation of BIPA, Defendant does not provide users with a schedule setting out the length of time during which their biometric information or biometric identifiers will be collected, stored, used, or destroyed.

## PARTIES

9. Plaintiff Roberson is, and at all times relevant hereto was, a natural person and a permanent resident of the state of Illinois. She is 42 years old, has lived in the State of Illinois all her life, and has resided in Lansing, Illinois for about 2 years. On about ten to twenty occasions from January through October 2022, from her home in Lansing, Illinois, Ms. Roberson used Helzberg's Virtual Try-On feature on www.helzberg.com on her Android smartphone via the Chrome browser, to see how her different engagement rings would look on her hand. She never bought a product from Helzberg.

10. Defendant Helzberg is a limited liability company organized under the laws of Missouri, with its headquarters and principal place of business at 1825 Swift Avenue North, Kansas City, Missouri 64116. On April 30, 2020, it converted from a Missouri corporation called "Helzberg's Diamond Shops, Inc." to a Missouri limited liability company called "Helzberg's Diamond Shops, LLC." Helzberg conducts its jewelry selling business throughout the United States, including in this District, both through its website and through various brick-and-mortar stores including at least six in this District. Since 1995 it has been a wholly owned subsidiary of Berkshire Hathaway.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because the members of the putative class are of diverse citizenship from Defendant, there are more than 100 members of the putative class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

12. The Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in the state of Illinois, by providing its online virtual try-on feature to customers in Illinois and using it to collect biometric data from Illinois residents while they were in Illinois.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claim occurred in this District. Moreover, Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

14. Helzberg sells engagement and wedding rings, watches, and other jewelry at its over 200 brick-and-mortar stores throughout the United States and through its website www.helzberg.com.[1]

15. Defendant offers the Virtual Try-On feature to customers who visit its website from a computer or smartphone web browser.[2]

16. While browsing Helzberg's engagement or wedding ring or other hand jewelry products from a smartphone web browser, after selecting custom options such as the type and size of the diamond, the user is presented with a link that says "try it on." Clicking the link

---

[1] https://www.helzberg.com/about-helzberg-diamonds.html (last visited Feb. 15, 2023).
[2] *E.g.*, https://www.helzberg.com/engagement-rings/lab-grown-diamond-round-solitaire-engagement-ring-with-taper-in-14k-white-gold-1-ct./2511731.html (last visited Feb. 15, 2023).

automatically activates his or her smartphone camera with a hand outline superimposed on the camera lens image. As the user moves his or her hand to line up with the hand outline, image(s) are taken capturing the hand geometry.



17. If navigating www.helzberg.com from a web browser on a computer (rather than a smartphone), upon clicking the "try it on" link the user is provided a QR code to scan with their smartphone. The QR code links to a website which automatically activates the smartphone's camera to take the image(s) of the hand. On the smartphone web browser and back on the computer web browser, the jewelry product is shown on the hand.

18. From there, the user can download the photo showing the jewelry product on his or her hand and share it through email, social media, etc.

19. Defendant's only attempt at providing any kind of disclosure to Plaintiff and the Class comes in the form of a link to Defendant's privacy policy.[3] However, this policy does not inform the user how the user's hand geometry (a biometric identifier protected by BIPA) is collected, used, or retained in order to allow the Virtual Try-On feature to operate or otherwise.

---

[3] https://www.helzberg.com/privacy-and-security.html (last visited Feb. 15, 2023).

20. Furthermore, Defendant lacks a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information obtained from consumers, as required by BIPA.

21. Upon information and belief, Defendant has not developed a written policy establishing retention schedules and guidelines for permanently destroying consumers' biometrics and does not destroy such data within the timeframes established by BIPA.

22. At least 10 to 20 times from January through October 2022, from her home in Lansing, Illinois, Plaintiff Roberson visited www.helzberg.com via the Chrome browser on her Android smartphone and used the Virtual Try-On feature to try on various engagement rings she was interested in.

23. Each time, after trying on the product, Ms. Roberson decided not to purchase it. As such, Ms. Roberson did not set up an account on the website.

24. When Ms. Roberson used the Virtual Try-On feature, Defendant captured and collected her hand geometry data. The Virtual Try-On feature could not have provided the advertised experience if Defendant did not capture and collect Ms. Roberson's hand geometry.

25. Ms. Roberson has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used her hand geometry; any biometric data retention policy developed by Defendant; or whether Defendant will ever permanently delete her biometric data.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following Class:

> All natural persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On features on www.helzberg.com, while residing in Illinois.

27. Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, all persons who make a timely election to be excluded from the Class, the judge to whom this case is assigned and any immediate family members thereof, and the attorneys who enter their appearance in this action.

28. **Numerosity:** The Class members are so numerous that individual joinder of all Class members is impracticable. Upon information and belief, the Class exceeds 10,000 persons. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Defendant.

29. **Commonality:** There are numerous questions of law and fact common to the Class, including but not limited to:

   a. Whether Defendant captures, collects, stores, or distributes information that qualifies as "biometric information" or "biometric identifiers" of users of the Virtual Try-On Feature on Helzberg's website, as defined by 740 ILCS §§ 14/10 & 14/15;

   b. Whether Defendant failed to put in place a system or prompt to obtain an executed written release from users of Helzberg's Virtual Try-On feature before capturing their biometric information and biometric identifiers;

   c. Whether Defendant developed or made publicly available a written policy establishing a retention schedule and guidelines for destroying its Virtual Try-On feature users' biometric information and biometric identifiers;

   d. Whether Defendant's conduct was and is willful, reckless, or negligent;

    e.  Whether Defendant is liable for damages, and the amount of such damages; and

    f.  The appropriate injunctive relief to which Plaintiff and the other Class members are entitled.

  30.  **Typicality:** Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

  31.  **Adequacy of Representation:** Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel.

  **32.**  *Declaratory and Injunctive Relief.* Rule 23(b)(2) of the Federal Rules of Civil Procedure: Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class members, thereby making appropriate declaratory relief, with respect to the Classes as a whole.

  33.  Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described above, such as continuing to collect users' hand geometry data through the Virtual Try-On feature.

  34.  Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class will continue to have their biometric information collected in violation of Illinois law.

  35.  **Superiority:** In this lawsuit, a class action is superior to all other available methods for its fair and efficient adjudication because individual litigation of the claims of all Class members is economically infeasible and procedurally impracticable. This proposed class action presents fewer management difficulties than individual litigation, and provides the benefits of

single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

36. **Predominance:** Common questions of law and fact predominate over any questions affecting only individual Class members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. If Defendant intercepted Plaintiff's and Class members' communications, then Plaintiff and each Class member suffered damages by that conduct.

## CAUSES OF ACTION

### COUNT I
### Violation of 740 ILCS 14/15(b)
### Failure to Inform in Writing and Obtain Written Release from Users Prior to Capturing, Collecting, or Storing Biometric Identifiers
### Damages and Injunctive Relief

37. Plaintiff re-alleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff brings this claim individually and on behalf of the Class.

39. BIPA bars any private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifier or biometric information, unless it "(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored,

and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS § 14/15(b).

40. "Private entity" is defined as "any individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 14/10.

41. As a limited liability company, Defendant is a "private entity" under BIPA.

42. A "scan of hand geometry" is one of the enumerated "biometric identifiers" protected under BIPA. *Id.* § 14/10.

43. The Virtual Try-On feature on Helzberg's website takes "scans of hand geometry," *i.e.*, it captured and captures Plaintiff's and the other Class members' hand geometry information.

44. Plaintiff and the Class members were never informed in writing (nor were their legally authorized representatives) that biometric identifiers were being collected, what the specific purpose was, or the length of time the identifiers would be stored. Nor did Plaintiff or the Class members (or their legally authorized representatives) ever execute a release as to the biometric identifiers Defendant collected through the Virtual Try-On feature.

45. Defendant's violations of Section 14/15(b) have harmed Plaintiff and Class members. Accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA. *Id.* § 14/20.

46. In addition, Plaintiff and Class members are entitled to reasonable attorneys' fees and costs. *Id.*

47. Plaintiff and Class members are also entitled to an injunction against Defendant's collection of facial geometry data through the Virtual Try-On feature without written relief. *Id.*

Absent injunctive relief, Defendant is likely continue collecting customers' biometric identifiers without written release.

48. Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and the Class members' biometric identifiers, how Defendant uses Plaintiff's and the Class members' biometric identifiers, and the identities of any third parties with which Defendant shared those biometric identifiers.

### COUNT II
### VIOLATION OF 740 ILCS § 14/15(a)
**Failure to Develop and Make Publicly Available a Written Policy for Retention and Destruction of Biometric Identifiers**
**Damages and Injunctive Relief**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the Class.

51. BIPA requires any private entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." Absent a valid warrant or subpoena, the private entity must comply with its retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

52. "Private entity" is defined as "any individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 14/10.

53. As a limited liability company, Defendant is a "private entity" under BIPA.

54. A "scan of hand geometry" is one of the enumerated "biometric identifiers" protected under BIPA. *Id.* § 14/10.

55. The Virtual Try-On feature on Helzberg's website takes "scans of hand geometry."

56. On information and belief, Defendant has not developed a written policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers it collects through the Virtual Try-On feature on Helzberg's website.

57. There is no publicly available written policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers Defendant collects through the Virtual Try-On feature on Helzberg's website.

58. Defendant's violations of Section 14/15(a) have harmed Plaintiff and Class members. Accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA. *Id.* § 14/20.

59. In addition, Plaintiff and Class members are entitled to reasonable attorneys' fees and costs. *Id.*

60. Plaintiff and Class members are also entitled to an injunction requiring Defendant to develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers it collects through its Virtual Try-On feature on Helzberg's website. *Id.*

61. Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and the Class members' biometric identifiers and if, when, and how those biometric identifiers were destroyed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class alleged herein, respectfully request that the Court enter judgment in her favor and against Defendant as follows:

A. Certifying the Class under Federal Rule of Civil Procedure 23 and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

B. Declaring that Defendant's conduct violates BIPA;

C. Finding in favor of Plaintiff and the Class members on the claim asserted herein;

D. Awarding Plaintiff and the Class members liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater for each at amounts to be determined by the Court or by the jury at trial;

E. Awarding Plaintiff and the Class members pre-judgment and post-judgment interest; and

G. Enjoining Defendant to desist from further collection of biometric identifiers without written release and to develop a written policy governing retention and deletion of biometric information;

F. Awarding Plaintiff and the Class members their reasonable attorneys' fees and costs; and

H. Awarding such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff and the putative class members hereby demand a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Dated: February 17, 2023.

Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow, Esq.
Steven Sukert, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
sukert@kolawyers.com

Andrew J. Shamis, Esq.
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff and the Putative Class*